## JOHN F. TIPTON v. THE STATE.

### No. 3172. Decided June 17, 1914.

### Rehearing denied June 26, 1914.

**1.—Occupation—Specialist—Optician—Sufficiency of the Evidence.**

Where, upon trial of unlawfully engaging in and pursuing the occupation of a specialist in the line of an optician traveling from place to place, etc., without license, the evidence sustained the conviction, there was no error, under a proper charge of the court.

Vol. 74 Crim.-15.

2.—Same—Optician—Charge of Court.

Where the court's charge sufficiently defined the term, "optician," there was no error.

3.—Same—Evidence—Medicated Glasses.

Upon trial of pursuing the occupation of a traveling optician without license, there was no error in admitting testimony that defendant said that the glasses he offered were medicated glasses.

4.—Same—Jury and Jury Law—Challenge—Misspelling.

In the absence of objections at the time to the list of jurors on the ground of the misspelling of the name of a juror, the court's action in overruling a challenge on that ground was proper.

5.—Same—Private Prosecutor.

Where the person who employed a private prosecutor was not a witness in the case, that question is immaterial.

6.—Same—Charge of Court—Requested Charges.

Where the requested charges which were proper were embraced in the court's main charge, there was no error in refusing such which did not present correct propositions of law.

Appeal from the County Court of Scurry. Tried below before the Hon. C. R. Buchanan.

Appeal from a conviction of a traveling optician without license; penalty, a fine of $56.25.

The opinion states the case.

*Fritz R. Smith* and *Will S. Payne,* for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was prosecuted for unlawfully engaging in, pursuing and following the occupation of a specialist in the line of an optician, traveling from place to place in the practice of his profession without first having obtained a license therefor.

Bob Browning testified that appellant came to his house and made a trade with him to drive him over the county for twenty-one days and he did so; that appellant "was taking orders for glasses from samples of lenses he had with him to be sent to the party who ordered; I bought two pair of glasses from him, one of them was for my mother. Yes, I went with him to a number of houses, spent several days in Ira neighborhood in Scurry County, and some fifteen miles south of where I live. He also worked the country west of Snyder between Ira and where I live. I also went with him over in the Polar neighborhood in Kent County. He told me he had worked up about Spur in Dickens County and in Haskell County and about Stamford in Jones County. Also said he had been in the eye business for several years; he did tell me that he was an optician and had been for several years." J. I. Burrow testified: "I know this defendant, John F. Tipton; he took my wife's measurement for what he called a pair of medicated glasses sometime during the month of January, 1914, he represented himself to be an optician; said his glasses by virtue of being medicated would cure the

headache; this happened in Scurry County, State of Texas. He had implements for testing eyes and tested my wife's eyes. He said he had been following the business of an optician for six or seven years." A number of other witnesses testified that appellant came to their homes; that he had with him instruments for testing the eyes and fitting glasses; that he would sell the glasses, taking the money therefor. That he stated he would send for the glasses and have them delivered, and they would come in about ten days.

These facts would, within contemplation of the law, make him liable for the occupation tax levied by section 6 of article 7358 of the Revised Civil Statutes, and the court did not err in so holding. The evidence conclusively shows that appellant had not paid the tax levied by this provision of the law.

We have carefully read the charge of the court and it is not upon the weight to be given the testimony as is contended by appellant. The term "optician" is sufficiently defined in the special charge given, and it was not necessary to give the other special charge requested in regard thereto. The court quoted the definition of "optician" as given in Century Dictionary.

Some of the witnesses testified that appellant stated to them that the glasses he offered them were "medicated glasses." Appellant objected to this testimony, but the court committed no error in admitting the testimony.

If he had with him different character of lenses or glasses with which he fitted the eyes, and stated to some that they needed "medicated glasses" and he could fit their eyes with them, it would be permissible for the witness to so state.

As to the juryman T. J. Blackburn, the court committed no error in overruling his challenge to the panel. If the clerk improperly spelled the name, the appellant should have objected when the list was furnished and not have waited until after the jury had been empaneled, complaint read and part of the testimony adduced. Mr. Blackburn had been regularly summoned as shown by the qualification of the court, and if appellant had objected, at the time the list was delivered to him, to the juror on account of the misspelling of the name, the court could then have had the clerk correctly spell the name on the list.

As Mr. Towle was not a witness in the case, the court properly held that it was immaterial whether or not Towle had employed an attorney to assist in the prosecution of the case. Had Towle been a witness the testimony would have been admissible as affecting his interest and bias.

We have carefully read the charge of the court, and it sufficiently and clearly presents the issues, therefore it was not necessary to give the special charges requested. Some of the special charges do not present correct propositions of law and were properly refused, while the others were fully covered in the charge as given.

The judgment is affirmed.                                                    *Affirmed.*

[Rehearing denied June 26, 1914.—Reporter.]